CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
   crichman@gibsondunn.com
VICTORIA C. GRANDA (D.C. Bar No. 1673034; *pro hac vice*)
   vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

DANIEL G. SWANSON (SBN 116556)
   dswanson@gibsondunn.com
DANA LYNN CRAIG (SBN 251865)
   dcraig@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
   chigney@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
   elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SOCIÉTÉ DU FIGARO, SAS, a French simplified joint-stock company; L'ÉQUIPE 24/24 SAS, a French simplified joint-stock company, on behalf of themselves and all others similarly situated; and LE GESTE, a French association, on behalf of itself, its members, and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>                Defendant. | CASE NO. 4:22-cv-04437-YGR<br><br>**APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Hearing:**<br>Date: January 24, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 1<br>Judge: Hon. Yvonne Gonzalez Rogers |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), defendant Apple Inc. ("Apple"), through its undersigned counsel, respectfully requests that the Court take judicial notice of or deem as incorporated by reference the following exhibits, filed in support of its Motion to Dismiss, which are attached to the accompanying Declaration of Caeli A. Higney:

**Exhibit A** is a true and correct copy of the August 1, 2022 press release titled "France-Based iOS Developers Team up with U.S. Firm Hagens Berman in Antitrust Class-Action Lawsuit Against Apple's App Store Fees" from plaintiffs' counsel Hagens Berman Sobol Shapiro LLP's publicly available website.

**Exhibit B** is a true and correct copy of the webpage "Les Membres" from plaintiff le GESTE's publicly available website.

**Exhibit C** is a true and correct copy of Apple's record showing the date on which plaintiff Société du Figaro, SAS first executed Apple's Developer Program License Agreement.

**Exhibit D** is a true and correct copy of Apple's record showing the date on which plaintiff L'Équipe 24/24 SAS first executed Apple's Developer Program License Agreement.

**Exhibit E** is a true and correct copy of the Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Complaint, entered on February 4, 2022, in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty).

**Exhibit F** is a true and correct copy of the Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Second Amended Complaint, entered on August 29, 2022, in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty).

## I. LEGAL STANDARDS

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to matters subject to judicial notice and documents incorporated in the complaint by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court may take judicial notice of matters that either are (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, such as publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). Under the incorporation-by-reference doctrine, a district court may, when ruling on a motion to dismiss, take into account documents outside the complaint when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Lee*, 250 F.3d at 688-89. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

## II. ARGUMENT

Here, Apple respectfully requests that this Court take judicial notice of public records, consisting of public websites (Exhibits A-B) and court filings from a similar case (Exhibits E-F). It also asks that the Court deem as incorporated by reference the dates that plaintiff Société du Figaro, SAS's and plaintiff L'Équipe 24/24 SAS first executed Apple's Developer Program License Agreement ("DPLA"), which is explicitly incorporated into plaintiffs' complaint, as shown in the attached records (Exhibits C-D).

### A. Materials From Public Websites

**Exhibit A** is a press release by plaintiffs' counsel on the filing of this action. *France-*

*Based iOS Developers Team up with U.S. Firm Hagens Berman in Antitrust Class-Action Lawsuit Against Apple's App Store Fees*, Hagens Berman Sobol Shapiro LLP (Aug. 1, 2022), https://www.hbsslaw.com/press/apple-ios-app-developers-france/france-based-ios-developers-team-up-with-us-firm-hagens-berman-in-antitrust-class-action-lawsuit-against-apples-app-store-fees. Apple requests that the Court take judicial notice of plaintiffs' counsel's public statements as reported in the law firm's press release.

**Exhibit B** is a web page from plaintiff le GESTE's website showing the entities it publicizes as members of its organization. Les Membres, GESTE, https://www.geste.fr/les-membres (last visited October 22, 2022). Apple requests that the Court take judicial notice of the entities le GESTE publicizes on its website as members of its organization.

Judicial notice of plaintiffs' counsel's statements in Exhibit A and of the entities that le GESTE announces as its members in Exhibit B is proper because information on a public website is a matter of public record not subject to reasonable dispute. *See Daniels-Hall*, 629 F.3d at 998-99; *WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845, at *2 (N.D. Cal. Jan. 7, 2020) (taking judicial notice, at the motion-to-dismiss stage, of information on websites because they were "publicly available documents, not subject to reasonable dispute, whose accuracy c[ould not] be questioned").

**B.     Court Filings**

**Exhibits E and F** are court orders in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty). Exhibit E is the February 4, 2022 Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Complaint, and Exhibit F is the August 29, 2022 Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Second Amended Complaint. Apple seeks judicial notice of these orders to cite the California superior court's rejection of Cartwright Act claims against Apple that are similar to plaintiffs' claims.

Judicial notice of Exhibits E and F is proper because they are court filings. The Court may take judicial notice of court records from other cases because they are matters of public record not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746

n.6 (9th Cir. 2006).

### C.     Records of Plaintiffs' Agreement to Apple's DPLA

**Exhibit C** is Apple's record showing the date on which plaintiff Société du Figaro, SAS first executed the DPLA:  January 19, 2009.  **Exhibit D** is Apple's record showing the date on which plaintiff L'Équipe 24/24 SAS first executed the DPLA:  May 18, 2009.  Apple requests that the Court deem these two dates incorporated by reference in the complaint.  Plaintiffs expressly refer to Figaro's and L'Équipe's being party to the DPLA, Compl. ¶¶ 33, 42, and even attach the DPLA to the complaint, *see* Compl., Ex. A,[1] but omit mentioning or attaching records showing *when* they agreed to abide by the DPLA.

The incorporation by reference doctrine prevents plaintiffs "from selecting only portions of" the DPLA, while omitting the portions that "weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.  Figaro's and L'Équipe's claims depend on their being party to the DPLA, as plaintiffs allege that Apple achieved or attempted a monopoly through the distribution restrictions in the DPLA.  *See*, *e.g.*, Compl. ¶ 170.  As with any time that claims depend on a contract, that contract is incorporated by reference in a complaint.  *See*, *e.g.*, *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161-62 (9th Cir. 2012).  Ordinarily, executed contracts are signed and dated on the same document containing the contracts' terms.  Because the contracts at issue here are executed and dated through an electronic mechanism, separate from the contract itself, plaintiffs were able to submit a copy of the DPLA's terms while omitting the dates Figaro and L'Équipe agreed to them.  The Court should not permit this maneuver.  *See*, *e.g.*, *Newman v. Google LLC*, 2021 WL 2633423, at *15 (N.D. Cal. June 25, 2021) ("Plaintiffs may not bring multiple claims on the basis of the parties' contracts and quote from those contracts in the [complaint], but then object to Defendants' reliance on those same contracts in the motion to dismiss.").  The DPLA, including the dates when plaintiffs agreed to its challenged restrictions as reflected in Exhibits C and D, should be deemed fully incorporated in the complaint.

---

[1] Plaintiffs attached the version of the DPLA in effect at the time of filing, but do not allege (because they cannot) that the restrictions they challenge are materially different than those in the 2009 versions of the DPLA.

### III. CONCLUSION

Apple asks that this Court grant its request for judicial notice or to deem records incorporated by reference.

Dated: October 28, 2022

GIBSON, DUNN & CRUTCHER LLP

Daniel G. Swanson
Cynthia E. Richman
Caeli A. Higney
Dana Lynn Craig
Eli M. Lazarus
Victoria C. Granda


By: /s/ Cynthia E. Richman
Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539


*Attorneys for Defendant Apple Inc.*