UNITED STATES DISTRICT COURT  **ORIGINAL**

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

| | | |
|---|---|---|
| SOCIÉTÉ DU FIGARO, SAS, a French simplified joint-stock company, et al., | ) ) ) ) | **Case Management Conference** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. C 22-04437 YGR |
| APPLE INC., a California corporation, | ) ) ) | Pages 1 - 7 |
| Defendant. _____ | ) ) | Oakland, California Monday, November 7, 2022 |

**REPORTER'S TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM WEBINAR:**

```
For Plaintiffs:         Hagens Berman Sobol Shapiro LLP
                        1301 Second Avenue, Suite 2000
                        Seattle, Washington  98101
                   BY:  STEVE W. BERMAN,
                        ROBERT F. LOPEZ, ATTORNEYS AT LAW

For Defendant:          Gibson, Dunn & Crutcher LLP
                        1050 Connecticut Avenue, N.W.
                        Washington, DC  20036-5306
                   BY:  CYNTHIA E. RICHMAN, ATTORNEY AT LAW

                        Gibson, Dunn & Crutcher
                        555 Mission Street
                        San Francisco, California  94105
                   BY:  CAELI A. HIGNEY, ATTORNEY AT LAW


Reported By:            Raynee H. Mercado, CSR No. 8258
```

Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

```
 1   Monday, November 7, 2022                              2:17 p.m.
 2                   P R O C E E D I N G S
 3                      (Zoom Webinar)
 4                         --o0o--
 5        THE CLERK:  Now calling civil case 22-4437-YGR,
 6   Société du Figaro versus Apple, Inc.
 7      Counsel, starting with the plaintiff, please state your
 8   appearance for the record.
 9        MR. BERMAN:  Good afternoon, Your Honor.  Steve
10   Berman.
11        MR. LOPEZ:  And Rob Lopez as well for the plaintiffs.
12        MS. RICHMAN:  Cindy Richman for Apple.
13        MS. HIGNEY:  Good afternoon, Your Honor.  Caeli
14   Higney for Apple.
15        THE COURT:  Okay.  Good afternoon.
16      So we have -- right?  Don't we already have a motion to
17   dismiss that is getting -- in the process of briefing?
18        MR. BERMAN:  Yes, Your Honor.  There's been a motion
19   filed, and we're going to elect on our option to amend as of
20   right, and so we're planning on amending by December 2nd.
21        THE COURT:  Okay.  And you've made that decision,
22   Mr. Berman?
23        MR. BERMAN:  We have, Your Honor.
24        THE COURT:  Okay.  All right.  That's good to know.
25      I won't preview the motion, not that I would have anyway,
```

1   but it's good to know that we will then probably do motion
2   practice sometime thereafter.  If you file by right, what
3   does -- what does the code give you in terms, Ms. Richman, of
4   a response date?
5           **MS. RICHMAN:**  Your Honor, we have started talking to
6   the plaintiff about a possible negotiated schedule for an
7   amended complaint -- motion to dismiss the amended complaint.
8   And I think the plaintiffs had put forth the date of
9   January 10th in their proposed schedule.
10          **THE COURT:**  Okay.  Ms. Richman, you sound like you're
11  in a tunnel.
12          **MS. RICHMAN:**  You are crystal clear.  I'm sorry to
13  hear that.  Is this better if I'm closer to the speaker?
14          **THE COURT:**  It's a little bit better, yes.
15     Okay.  So I'm looking at your Exhibit A to your statement.
16  And it looks like you've agreed on a January 10th response
17  date?  Or is there something else going on?
18          **MS. RICHMAN:**  Your Honor, there is something else
19  going on.  We haven't yet agreed to that date.  That is the
20  date that the plaintiffs had proposed.  Apple would propose
21  January 20th in order to bring the time allotted for
22  opposition in line with plaintiff's proposed time for their
23  opposition which is 49 days after the January 10th date.
24     So we would propose a January 20th deadline for our motion
25  to dismiss an amended complaint.

1     Also, the holidays are intervening and Apple is shut down
2  for two weeks.  So we would ask for a --
3                     (Audio distortion.)
4          **MS. RICHMAN:**  -- for that reason as well.
5          **THE COURT:**  Mr. Berman, any objection to
6  January 20th?
7          **MR. BERMAN:**  No objection.
8          **THE COURT:**  Okay.  So motion to dismiss then is due
9  on January 20th.  Are we doing this on 35 days' notice?
10         **MS. RICHMAN:**  (Nods head.)  Yes, Your Honor.
11         **THE COURT:**  So is that fine with you?  Two weeks for
12 opposition, one week for reply?
13         **MR. BERMAN:**  I think we'd like a little more than two
14 weeks.  How about three weeks, Your Honor?
15         **THE COURT:**  All right.  So three weeks would be
16 February 10th for an opposition.
17    And then, Ms. Richman, one week for reply?
18         **MS. RICHMAN:**  We'd be grateful for two weeks, Your
19 Honor, if the plaintiffs have no objection.
20         **MR. BERMAN:**  No objection.
21         **THE COURT:**  February 24th, then, for a reply.
22    We'll put you in for March 14th for a hearing.
23    Okay.  So then with respect to the balance, it looks like
24 you've all agreed on some discovery to be produced; is that
25 right?  While we're doing -- while we're doing this?  I mean

1  Mr. Berman probably has it anyway.  Or is -- what's happening
2  on the discovery front?
3       **MS. RICHMAN:**  Your Honor, Apple had proposed
4  producing transactional data to the plaintiffs as quickly as
5  possible, including transactional data that is updated through
6  April 26, 2022, which is the set of data that we produced to
7  the techno plaintiffs.
8     We would be amenable to reproducing everything that's been
9  already produced in the related cases but believe -- strongly
10 believe that discovery should otherwise be stayed until after
11 resolution of the motion to dismiss.
12      **THE COURT:**  Mr. Berman.
13      **MR. BERMAN:**  We don't agree that there should be a
14 stay, Your Honor.  In particular, there's some discovery that
15 we might want to do directed toward their motion that this
16 case is barred by the Foreign Antitrust Immunity Act.
17    And in particular, we would be seeking information about
18 the nature and extent to which foreign developers like our
19 clients actually are controlled by decisions made here in the
20 U.S. by Apple, and that the actual sale at issue here is the
21 sale of distribution services to our clients that occurs here
22 in the U.S., which would make this not subject to dismissal
23 under the Foreign Antitrust Immunity Act, in our view.
24    So we would plan on serving some discovery.
25      **THE COURT:**  All right.  So this is -- this is what's

1   going to happen then.  I don't agree that it should be
2   full-blown discovery.  It seems to me, Mr. Berman, since you
3   already have the discovery from the *Cameron* case, that you and
4   Ms. Richman could probably agree on some stipulation so that
5   we're not wasting time and effort to reproduce everything.
6   And -- and I would encourage you to do that just for
7   efficiency purposes.
8       Two, you can issue very narrow discovery solely with
9   respect to any issue that's -- that's being briefed on
10  these -- or which you anticipate being briefed on the motion
11  to dismiss.  To the extent that there are any disputes, take
12  them to Judge Hixson and he'll work through those.
13          **MS. RICHMAN:**  Your Honor, we are -- may I just say
14  one thing?
15      This is not a new issue.  We've been discussing this
16  question of whether foreign transactions are barred by the
17  FTAIA since the summer of 2020.  I believe that the current
18  production has, you know, a significant amount of information
19  related to this issue.  I --
20          **THE COURT:**  So, Ms. Richman --
21              (Simultaneous colloquy.)
22          **THE COURT:**  I've not ruled on this issue.  And I
23  wasn't asking for more work.  And I don't know what's been
24  produced.  So if you think that you've produced a sufficient
25  amount, and you let Mr. Berman know, and if there's a dispute,

1   Judge Hixson can get into the nitty-gritty of it with you.
2            **MS. RICHMAN:**  Thank you, Your Honor.
3            **THE COURT:**  It's not intended to be full-blown.  It's
4   just intended to make sure that Mr. Berman has what he needs
5   to file an anticipated opposition.  That's all.
6        And if it's all in there, then I suspect that, you know,
7   an amended complaint will address as much of it as it can with
8   respect to the plausibility of any allegations that he's
9   making with respect to the relationship.  Okay?
10       It seems to me after that, then, we can set the rest of
11  your dates once I deal with the motion to dismiss.
12           **MS. RICHMAN:**  Thank you, Your Honor.
13           **THE COURT:**  Okay.  Anything else for today?
14           **MR. BERMAN:**  Not from the plaintiffs, Your Honor.
15           **MS. RICHMAN:**  Nothing here, Your Honor.
16           **THE COURT:**  All right.  Happy holidays, everybody.
17  We're adjourned on your case.
18           **MR. BERMAN:**  Thank you.
19           **MS. RICHMAN:**  Thank you.
20              (Proceedings were concluded at 2:27 P.M.)
21                            --o0o--

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Thursday, November 17, 2022