FILED

Jan 17 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETE DU FIGARO, SAS, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>      Defendant. | Case No. 22-cv-04437-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 51 |

The parties have a dispute about the form and substance of the protective order to be entered in this case. ECF No. 51. There are five areas of disagreement, which the Court addresses in turn.

**A.      Use Restriction**

Apple's proposed protective order modifies the first sentence of section 7.1 to make the "use" restriction applicable to all Discovery Material, not just Protected Material. As redlined by Apple, the proposed sentence states: "A Receiving Party may use ~~Protected~~ Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation."

The Court disagrees with Apple's edit. As a starting point, the Court treats this District's model protective orders as presumptively reasonable. The model order for litigation involving highly sensitive confidential information imposes the use restriction only on Protected Material. This is in keeping with Federal Rule of Civil Procedure 26(c), which states that "for good cause," a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ." Fed. R. Civ. Proc. 26(c)(1). A protective order can do a number of things, including "requiring that . . . confidential research, development, or

commercial information not be revealed or be revealed only in a specified way . . ." Fed. R. Civ. Proc. 26(c)(1)(G). If information does not qualify as Protected Material, it is unclear what the good cause is for imposing a use restriction on it. The way Rule 26(c) is written suggests that discovery material is by default unprotected and there has to be a good reason to protect it.

**B.      Data Security Provisions**

Apple's proposed protective order adds a new section 9, entitled "data security." In response to the Court's questions at the hearing on January 13, 2023, it became clear that Apple did not have a clear understanding of what exactly its data security proposal would require. The Court prefers to rule on well-defined disputes after the parties have met and conferred. Since Apple did not have a clear understanding of the effects of its proposal, it seemed that there couldn't have been a good meet and confer, and the Court was unsure what it was being asked to rule on. Accordingly, the Court ordered the parties to meet and confer about Apple's proposed data security provisions. If the parties are unable to reach an agreement, they must file a further joint discovery letter brief by January 19, 2023, together with their competing protective orders. The Court sets a further hearing for January 20, 2023 at 3:00 p.m. by Zoom.

**C.      Disclosure of Information Regarding Data Breaches**

The District's model protective order states that if a Party is served with a subpoena or court order in other litigation that compels the disclosure of Protected Material, the party must notify the Designating Party of the subpoena or court order and take some other steps. Apple proposes to modify that provision to add those requirements if a Party is served with a subpoena or court order in other litigation "concerning an actual or suspected Data Breach possibly involving a Designating Party's Protected Materials." But Apple also defines "data breach" to include a suspected unauthorized access, use or disclosure of Protected Materials. So, this new proposed disclosure requirement is triggered by a suspicion of a suspicion of a possibility that Protected Materials were compromised in a data breach. There is no warrant for this inadministrable requirement. The District's model protective order already requires a Receiving Party to notify the Designating Party, and then use best efforts to retrieve, if it has disclosed Protected Material "by inadvertence or otherwise," which the Court thinks includes a data breach of the Receiving

Party's system in which Protected Material was obtained. That is sufficient.

### D. Non-Waiver as to Manually Reviewed Material

The District's model protective order provides that when a Producing Party gives notice to a Receiving Party that it inadvertently produced privileged material, Rule 26(b)(5)(B) applies. The model order also states that the parties can reach their own agreement on the effect of such a disclosure and incorporate that into a stipulated protective order. Thus, the default is that Rule 26(b)(5)(B) applies unless the parties negotiate something else.

In *In re Apple iPhone Antitrust Litigation*, 11-cv-6714 and *Cameron v. Apple*, 19-cv-3074, the parties stipulated that "[t]he production without manual review of any privileged or otherwise protected document or ESI, whether inadvertent or otherwise, is not and shall not be deemed a waiver" of privilege or work product, provided certain procedures are followed. In this case, Apple proposes to delete the words "without manual review," so that the non-waiver would also apply to manually reviewed documents. Plaintiffs disagree with that proposed edit.

The Court will stick with the default rule adopted in the District's model order. As there is no agreement about non-waiver for manually reviewed documents, the Court rejects Apple's proposed edit.

### E. Destruction of Materials

The District's model protective order provides that within 60 days after the final disposition of the action, each Receiving Party must return or destroy all Protected Material. Apple proposes two edits to this paragraph to add "or its Professional Vendors" and "and its Professional Vendors" after the term "Receiving Party." The Court rejects those edits as unnecessary because they are already implied.

**IT IS SO ORDERED.**

Dated: January 17, 2023

THOMAS S. HIXSON
United States Magistrate Judge