CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
    crichman@gibsondunn.com
VICTORIA C. GRANDA (D.C. Bar No.
1673034; *pro hac vice*)
    vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

DANIEL G. SWANSON (SBN 116556)
    dswanson@gibsondunn.com
DANA LYNN CRAIG (SBN 251865)
    dcraig@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

CAELI A. HIGNEY (SBN 268644)
    chigney@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
    elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306


*Attorneys for defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SOCIÉTÉ DU FIGARO, SAS, a French simplified joint-stock company; L'ÉQUIPE 24/24 SAS, a French simplified joint-stock company, on behalf of themselves and all others similarly situated; and LE GESTE, a French association, on behalf of itself, its members, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO. 4:22-cv-04437-YGR <br><br> **APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** <br><br> **Hearing:** <br> Date:  March 14, 2023 <br> Time:  2:00 p.m. <br> Place:  Courtroom 1 <br> Judge:  Hon. Yvonne Gonzalez Rogers |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), defendant Apple Inc. ("Apple"), through its undersigned counsel, respectfully requests that the Court take judicial notice of or deem as incorporated by reference the following exhibits, filed in support of its Motion to Dismiss, which are attached to the accompanying Declaration of Caeli A. Higney:

**Exhibit A** is a true and correct copy of the August 1, 2022 press release titled *France-Based iOS Developers Team up with U.S. Firm Hagens Berman in Antitrust Class-Action Lawsuit Against Apple's App Store Fees* published by Bloomberg.

**Exhibit B** is a true and correct copy of the press release titled "Why a French association of developers together with two of the highest profile press publishers – le Figaro and l'Equipe, filed a class action against Apple in the US?" from plaintiff le GESTE's publicly available website.

**Exhibit C** is a true and correct copy of the Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Complaint, entered on February 4, 2022, in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty).

**Exhibit D** is a true and correct copy of the Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Second Amended Complaint, entered on August 29, 2022, in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty).

1   **I.      LEGAL STANDARD**

2          In ruling on a motion to dismiss, the Court may look beyond the four corners of the

3   complaint to matters subject to judicial notice.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d

4   988, 998 (9th Cir. 2018).  The Court may take judicial notice of matters that either are (1) generally

5   known within the trial court's territorial jurisdiction or (2) capable of accurate and ready

6   determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid.

7   201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public

8   record," *Khoja*, 899 F.3d at 999, such as information available on publicly accessible websites,

9   *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010), or publications such as

10  newspapers and magazines, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d

11  954, 960 (9th Cir. 2010).

12  **II.     ARGUMENT**

13         Here, Apple respectfully requests that this Court take judicial notice of public records,

14  consisting of public websites and online publications (Exhibits A-B) and state court filings from a

15  similar case (Exhibits C-D).

16         **A.      Materials From Public Websites and Publications**

17         **Exhibit A** is a press release on the filing of this action, published by Bloomberg.  *France-*

18  *Based iOS Developers Team up with U.S. Firm Hagens Berman in Antitrust Class-Action Lawsuit*

19  *Against Apple's App Store Fees*, Bloomberg (Aug. 1, 2022), https://www.bloomberg.com/press-

20  releases/2022-08-01/france-based-ios-developers-team-up-with-u-s-firm-hagens-berman-in-

21  antitrust-class-action-lawsuit-against-apple-s-app-store.   Apple requests that the Court take

22  judicial notice of plaintiffs' counsel's public statements as reported in the press release.

23         **Exhibit B** is a press release from plaintiff le GESTE's website on the filing of this action.

24  Why a French association of developers together with two of the highest profile press publishers

25  – le Figaro and l'Equipe, filed a class action against Apple in the US?, GESTE,

26  https://www.geste.fr/les-raison-de-la-class-action-geste-le-figaro-lequipe-contre-apple-aux-etats-

27  unis (last visited Jan. 20, 2023).  Apple requests that the Court take judicial notice of le GESTE's

28

representation that it filed complaints against Apple before the French Competition Authority in 2021 and 2022.

Judicial notice of plaintiffs' counsel's statements in Exhibit A and le GESTE's representations in its press release in Exhibit B is proper because information in an online publication or on a public website is a matter of public record not subject to reasonable dispute. *See Daniels-Hall*, 629 F.3d at 998-99; *Von Saher*, 592 F.3d at 960; *WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, 2020 WL 83845, at *2 (N.D. Cal. Jan. 7, 2020) (taking judicial notice, at the motion-to-dismiss stage, of information on websites because they were "publicly available documents, not subject to reasonable dispute, whose accuracy c[ould not] be questioned").

  **B.**   **Court Filings**

**Exhibits C and D** are court orders from the Superior Court of California in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty). Exhibit C is the February 4, 2022 Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Complaint, and Exhibit D is the August 29, 2022 Order Concerning Defendant Apple Inc.'s Demurrer to Plaintiffs' Second Amended Complaint. Apple seeks judicial notice of these orders to cite the California superior court's rejection of Cartwright Act claims against Apple that are similar to plaintiffs' claims.

Judicial notice of Exhibits C and D is proper because they are court filings. The Court may take judicial notice of court records from other cases because they are matters of public record not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

**III.**   **CONCLUSION**

Apple asks that this Court grant its request for judicial notice.

Dated: January 20, 2023       GIBSON, DUNN & CRUTCHER LLP

              Daniel G. Swanson
              Cynthia E. Richman
              Caeli A. Higney
              Dana Lynn Craig
              Eli M. Lazarus
              Victoria C. Granda

By: <u>/s/  Cynthia E. Richman</u>

Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for defendant Apple Inc.*

5