```
                                                               Pages 1-7

 1                   UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
 2                         OAKLAND DIVISION

 3

 4  SOCIETE DU FIGARO, SAS, et al., )  Case No.  22-cv-04437-YGR
                                    )
 5           Plaintiffs,            )  San Francisco, California
                                    )  Friday, January 20, 2023
 6       v.                         )
                                    )  ZOOM WEBINAR PROCEEDINGS
 7  APPLE INC.,                     )
                                    )
 8           Defendant.             )
    _____)
 9

10

11            TRANSCRIPT OF DISCOVERY HEARING
           BEFORE THE HONORABLE THOMAS S. HIXSON
12              UNITED STATES MAGISTRATE JUDGE

13

14  APPEARANCES:  (Via Zoom Webinar)

15  For Plaintiffs:           ROBERT F. LOPEZ, ESQ.
                              Hagens Berman Sobol Shapiro LLP
16                            1301 Second Avenue, Suite 2000
                              Seattle, Washington 98101
17                            (206) 623-7292

18  For Defendant:            ELI M. LAZARUS, ESQ.
                              Gibson, Dunn & Crutcher LLP
19                            555 Mission Street
                              San Francisco, California 94105- 0921
20                            (415) 393-8200

21  Transcription Service:    Peggy Schuerger
                              Ad Hoc Reporting
22                            2220 Otay Lakes Road, Suite 502-85
                              Chula Vista, California 91915
23                            (619) 236-9325

24

25  Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.
```

1   <u>SAN FRANCISCO, CALIFORNIA   FRIDAY, JANUARY 20, 2023   3:01 P.M.</u>

2                                    --oOo--

3              THE CLERK:  All right, everyone.  Good afternoon.  We
4   are here in Civil Action 22-4437, Societe du Figaro v. Apple Inc.,
5   the Honorable Thomas S. Hixson, presiding.

6              Counsel, please state your appearances.  Let's start
7   with Plaintiffs' counsel.

8              MR. LOPEZ:  Good afternoon, Your Honor.  Rob Lopez of
9   Hagens Berman for the Plaintiffs.

10             THE COURT:  Good afternoon.

11             MR. LAZARUS:  Good afternoon, Your Honor.  Eli Lazarus
12  of Gibson Dunn for Apple Inc.

13             THE COURT: Good afternoon.  Thank you, Counsel, for the
14  updated joint discovery letter brief which now focus on Apple
15  Section 9.  We've only got one issue remaining in dispute.  I
16  appreciate the briefing submitted by both sides and the revised
17  protective orders.

18             I'm not going to issue a written order.  I'm just going
19  to state my order on the record here today.  And I feel like the
20  parties' briefing on the joint discovery letter brief is fully
21  sufficient for me to issue a ruling, and I don't need any more
22  oral argument.  I think you covered the relevant points in your
23  briefing.

24             So I'm going to adopt the Plaintiffs' proposed
25  protective order -- for several reasons, starting with Apple's

proposed Section 9.1. I think the first sentence about Rev. F is largely duplicative of the requirements that are already in Section 7.1. Apple specifies certain specific standards that have to be met, but I think the more general requirement of a secured system is good enough.

I think the second sentence of Section 9.1 is vague. In particular, I don't know what it means to say that encryption is required when it's reasonably practical -- let me pull up the exact words that -- that Apple uses -- yeah, "Encryption is required when it's reasonably practical." That's a hard standard for me to enforce, and I don't know how I would do it if Apple later on in the case said that encryption was reasonably practical in a given situation and Plaintiffs came back and said, "Oh, that would really have been quite a pain for us to do." I don't know how I would resolve that dispute. That seems like a very vague standard.

As for the remaining -- Section 9.2, I agree with Plaintiffs that Apple has defined a "Data Breach" to include essentially any violation of the protective order, even an inadvertent one or a technical one, such as somebody having access to materials before they execute Exhibit A or somebody filing something in the public record when it should have been filed under seal. In no way are those "Data Breaches" within -- that would justify the remedies in Sections -- subsections (a), (b), and (c). That's just a really heavy-handed medicine that would

1  apply to just technical violations of the protective order and
2  they wouldn't really get at the problem that actually happened.
3        I also have some concerns that the term "device" is not
4  defined and, as Plaintiffs point out, access to a device, if
5  you're not sure what a device is, might not necessarily be access
6  to protected materials; in particular, if there's a vendor and the
7  term "device" includes the server and they're hosting documents
8  for a variety of different cases.  So I think that that language
9  is vague.
10       And I'm also concerned about a couple of requirements
11 in the requirements to cooperate that would seem to require
12 Plaintiffs' counsel, their law firm, to disclose any
13 vulnerabilities on their law firm system and their plans for
14 security in their law firm system to their litigation opponent.
15 I would really need to think that through and Apple hasn't
16 explained to me why I would want the opposing law firm to have to
17 disclose that kind of information about that firm.  That causes me
18 concerns that Apple's proposals would undermine the security.
19       And then I also agree with Plaintiffs that Section 9.3,
20 we don't need to tell people to go and comply with other laws.
21 Other laws are other laws and people should go comply with them.
22 But it's redundant and it's unnecessary to add that here.
23       And then overall, I am concerned that Apple's Section
24 9 adding it in this case would create substantial disuniformity
25 with the protective orders in the related actions.  And the reason

1  why that's of particular concern is that I understand that the
2  Plaintiffs are using the same document number that the consumer
3  Plaintiffs are using and that Apple is not literally going to
4  reproduce those documents to the vendor again.  But really the
5  Plaintiffs' counsel in this case would simply be able to access
6  them for purposes of this lawsuit once we get a protective order
7  in place.
8         This makes me concerned that if I entered a protective
9  order in this case that's substantially different from the
10 protective order in the consumer action, it would be entirely
11 unclear what protective order applies to what. Do they both apply
12 to everything?  Does this mean that the security provisions in
13 this one would apply to -- in the consumer action?  I think it
14 would be very unclear what the security provisions apply to.  And
15 so when we have related actions, I think it's a bad idea to have
16 one of the protective orders in one of the actions be so different
17 from the other protective orders in ways that could create
18 problems.
19        So those are my reasons why I'm ruling in favor of
20 Plaintiffs and adopt Plaintiffs' proposed protective order.  Mr.
21 Lopez, I would like you to take your former proposed order, which
22 I believe is ECF No. 59-1 -- it was Exhibit A to the joint
23 discovery letter brief -- and then submit that to my proposed
24 orders' inbox and then I will enter that as the protective order
25 in the case.

1          So that's what we're doing on the protective order.
2          Let me ask, Mr. Lopez, anything further Plaintiffs
3 wanted to raise at this hearing today?
4          MR. LOPEZ:  No, Your Honor.
5          THE COURT:  And how about you, Mr. Lazarus; anything
6 further that Apple wanted to raise at the hearing today?
7          MR. LAZARUS:  No, Your Honor, other than to thank Your
8 Honor for your consideration of our proposal, and I will just say
9 that Apple does believe that data security is extremely important
10 and data breaches are an evolving threat that require adjustments
11 in protective orders and we will continue to seek amendment of the
12 Model Protective Order, but we understand Your Honor's ruling
13 here.
14          THE COURT:  And I'm not in any way disagreeing with
15 Apple's more general point that data security is important and
16 that hacking is a growing threat.  I'm aware of those things and
17 I agree with those general points but, for the reasons I've
18 stated, I'm not prepared to enter Apple's proposed former order in
19 this particular lawsuit.
20          All righty.  So, Mr. Lopez, I will look forward to
21 getting your proposed order submitted.  I'll sign off on that and
22 enter it.  And with that, gentlemen, have a good weekend.
23          MR. LOPEZ:  Thank you, Your Honor.
24          MR. LAZARUS:  Thank you, Your Honor.
25          MR. LOPEZ:  You as well.

1              THE CLERK:  Thank you, everyone.  We're off the record
2    and court is in recess.  Have a good afternoon, gentlemen.
3              MR. LAZARUS:  You as well.
4              MR. LOPEZ:  Thank you.
5         (Proceedings adjourned at 3:08 p.m.)
6
7              I, Peggy Schuerger, certify that the foregoing is a
8    correct transcript from the official electronic sound recording
9    provided to me of the proceedings in the above-entitled matter.
10
11    _*Peggy Schuerger*_____        _February 8, 2023_____
      Signature of Approved Transcriber      Date
12
      Peggy Schuerger_____
13    ***Ad Hoc Reporting***
      Approved Transcription Provider
14    for the U.S. District Court,
      Northern District of California