Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Ben M. Harrington (SBN 313877)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
benh@hbsslaw.com

*Attorneys for Plaintiffs Société du Figaro, SAS;*
*L'Équipe 24/24 SAS; le GESTE; and the*
*Proposed Classes*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SOCIÉTÉ DU FIGARO, SAS, a French simplified joint-stock company; L'ÉQUIPE 24/24 SAS, a French simplified joint-stock company, on behalf of themselves and all others similarly situated; and LE GESTE, a French association, on behalf of itself, its members, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant.<br>. | No. 4:22-cv-04437-YGR<br><br>**PLAINTIFFS' RESPONSE TO APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date: Mar. 14, 2023<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Apple Inc. (Apple) asks the Court to take judicial notice of four documents, comprising approximately 40 pages of material extraneous to plaintiffs' amended complaint. (*See generally* Apple Inc.'s Req. for Judicial Notice in Supp. of its Mot. to Dismiss Pls.' Am. Compl. (ECF No. 62) (RJN).) Two of these documents, Exhibits A and B to the Decl. of Caeli A. Higney in Supp. of Apple Inc's Req. for Judicial Notice (ECF. No. 62-1) (Higney Decl.), are press releases available via online web pages. Exhibits C and D are unpublished California superior court decisions. While the authenticity of the documents for which Apple seeks judicial notice is not in dispute, the truth of the documents' contents is. Judicial notice of these documents—including two state trial court decisions, which Apple requests to support a bald factual allegation that those decisions reflect similar claims as plaintiffs' claims here—would therefore be improper. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)). The RJN should be denied.

## II.   APPLICABLE LEGAL STANDARD

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee*, 250 F.3d at 688. (Apple has not requested judicial notice of any document in connection with the 12(b)(1) portion of its argument.) "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

The Ninth Circuit has instructed district courts to exercise caution in cases like this one, where defendants improperly seek to exploit incorporation-by-reference and judicial notice procedures "to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id*. As such, these procedures apply in narrow circumstances.

Parties may invoke the judicial notice process only for consideration of matters in which there can be no reasonable dispute. *See Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018). Judicial notice is inappropriate where the substance of a document "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Khoja,* 899 F.3d at 1000.

Furthermore, courts "cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." *Rollins*, 338 F. Supp. 3d at 1031.

The judicially created incorporation-by-reference doctrine is even narrower. A document may be incorporated by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). As with judicial notice, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja* at 1003.

### III.     ARGUMENT

Ignoring this settled law, Apple asks this Court to "take judicial notice of or deem as incorporated by reference" four exhibits as part of its RJN. (Higney Decl. at 2.) This request is improper for the reasons set forth below, and so the RJN should be denied.

**A. Judicial notice is inappropriate for all exhibits attached to the Higney Declaration.**

Judicial notice may be taken of content of all four exhibits to the Higney Declaration, if the Court so chooses, but not of the truth of that content.

Apple seeks to rely on Exhibit A as part of its prudential arguments concerning international comity; it seeks to use this Exhibit to support its contention that "[a]llowing this complaint would . . . invite a flood of cases, particularly as foreign plaintiffs may forum-shop with an eye toward treble damages." (MTD at 14.) Plaintiffs object to Apple's professed interpretation of the document, which, to put it mildly, is not drawn from the text of the document itself. Notably, *Apple* specifically chose to avail itself of U.S. and California law. That plaintiffs now seek treble damages under this law is a foreseeable consequence of Apple's own decisions. The substance of Exhibit A is, to say the least, "subject to varying interpretations," *Khoja,* 899 F.3d at 1000, and so judicial notice of the truth of its content would be inappropriate. Respectfully, judicial notice should not be taken of Exhibit A.

So, too, with Exhibit B, which Apple also uses to support its comity arguments. Apple relies on Exhibit B to allege that plaintiffs "believe that they have legal recourses [*sic*] in France." (MTD at 14.) Again, plaintiffs object to Apple's interpretation, in which Apple attempts to tell plaintiffs and

1    the Court what *plaintiffs themselves* believe. Apple also fails to explain what "legal recourse[]"

2    plaintiffs supposedly believe they have in France, and whether this recourse is coextensive with that

3    available under the applicable U.S. and California law designated by Apple in its developer

4    contracts. It would be improper for this Court to "take judicial notice of the contents of documents

5    for the truth of the matters asserted therein"—particularly when the matter is not even asserted

6    therein. *Rollins*, 338 F. Supp. 3d at 1031. Respectfully, the Court should decline judicial notice of

7    Exhibit B.

8            Exhibits C and D to the Higney Declaration are orders issued in connection with an

9    unpublished California opinion, to which Apple cites in support of its 12(b)(6) motion. (MTD at 25

10   n.28.) This Court has determined that such decisions cannot be relied upon as reflecting settled law.

11   *See, e.g.*, *Alexander v. Select Comfort Retail Corp.*, 2018 WL 6726639, at *3 n.5 (N.D. Cal. Dec. 21,

12   2018) (Gonzalez Rogers, J.) ("the fact that these cases are unpublished trial court decisions does not

13   render them authority for 'settled rules of California.'") (citations omitted); *see also Ozkay v. Equity*

14   *Wave Lending, Inc.*, 2020 WL 7696058, at *2 n.1 (N.D. Cal. Dec. 28, 2020) ("Unlike unpublished

15   opinions of the federal courts, unpublished California opinions have no persuasive or precedential

16   value, *cf. Haligowski v. Superior Court*, 200 Cal. App. 4th 983, 990 n.4 (2011), and may not be cited

17   in this district, Civ. L.R. 3-4(e)."). Because Exhibits C and D are unpublished California superior

18   court opinions, these documents cannot be considered reflective of settled law. *Id.*

19           Apple tries to circumvent this rule by asking this Court to take judicial notice of these two

20   orders. But as the Ninth Circuit held in *Lee*, 250 F.3d at 690, although a court may "take[] judicial

21   notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for

22   the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.*

23   (citation omitted). Thus, although plaintiffs would have no objection to this Court taking judicial

24   notice of the fact of the existence of the California court's orders, such is not the point of Apple's

25   submittal. In this instance, it would be improper for the Court to take judicial notice of the factual

26   content of those orders as Apple interprets them, *i.e.*, that the plaintiffs' claims in the California case

27   are "*similar to plaintiffs' claims*" in the instant case. Higney Decl. at 4 (emphasis added) As to this

28   rationale, plaintiffs do object. Moreover—to reiterate—these decisions are not authority for "settled

1   rules of California," anyway. *Alexander*, 2018 WL 6726639, at *3. Respectfully, Apple's request

2   should be denied as to Exhibits C and D, too.

3       **B. None of the four exhibits attached to the Higney Declaration can be incorporated by reference.**

4       Furthermore, none of the documents Apple seeks to have incorporated by reference were

5   mentioned in plaintiffs' Complaint. *Cf. Coto Settlement*, 593 F.3d at 1038. Nor do any of plaintiffs'

6   arguments in the Complaint "necessarily rel[y]" on any of these four documents. *See id.* The

7   requirements for incorporation by reference are therefore not met, so it would be inappropriate for

8   this Court to incorporate any of these four Higney Declaration exhibits by reference.

9                           **IV.    CONCLUSION**

10      For the reasons above, Apple's RJN should be denied.

11

12
     DATED: February 10, 2023                    Respectfully submitted,
13
                                                  **HAGENS BERMAN SOBOL SHAPIRO LLP**
14

15                                                By _____*/s/ Steve W. Berman*_____
                                                          Steve W. Berman
16
                                                  Steve W. Berman (*pro hac vice*)
17                                                Robert F. Lopez (*pro hac vice*)
                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
18                                                1301 Second Avenue, Suite 2000
                                                  Seattle, WA 98101
19                                                Telephone: (206) 623-7292
                                                  Facsimile:  (206) 623-0594
20                                                steve@hbsslaw.com
                                                  robl@hbsslaw.com
21

22                                                Ben M. Harrington (SBN 313877)
                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
23                                                715 Hearst Avenue, Suite 202
                                                  Berkeley, CA 94710
24                                                Telephone: (510) 725-3000
                                                  Facsimile:  (510) 725-3001
25                                                benh@hbsslaw.com

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Abigail D. Pershing (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
abigailp@hbsslaw.com

*Attorneys for Plaintiffs Société du Figaro, SAS;
L'Équipe 24/24 SAS; le GESTE; and the
Proposed Classes*