| | |
|---|---|
| CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>crichman@gibsondunn.com<br>VICTORIA C. GRANDA (D.C. Bar No. 1673034; *pro hac vice*)<br>vgranda@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>DANIEL G. SWANSON (SBN 116556)<br>dswanson@gibsondunn.com<br>DANA LYNN CRAIG (SBN 251865)<br>dcraig@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | CAELI A. HIGNEY (SBN 268644)<br>chigney@gibsondunn.com<br>ELI M. LAZARUS (SBN 284082)<br>elazarus@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>*Attorneys for defendant Apple Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SOCIÉTÉ DU FIGARO, SAS, a French simplified joint-stock company; L'ÉQUIPE 24/24 SAS, a French simplified joint-stock company, on behalf of themselves and all others similarly situated; and LE GESTE, a French association, on behalf of itself, its members, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 4:22-cv-04437-YGR<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:   March 14, 2023<br>Time:   2:00 p.m.<br>Place:  Courtroom 1<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Apple Inc. ("Apple") respectfully submits this reply to plaintiffs' opposition (Dkt. 67-1, "Opp.") to its Request for Judicial Notice in Support of Apple's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 62, "RJN").[1]

## I. Materials From Public Websites and Publications

### A. Press Release Published on *Bloomberg* on the Filing of this Lawsuit

Apple seeks judicial notice only of the fact that according to a publicly available press release published on Bloomberg, Mr. Berman made certain statements regarding obtaining relief for foreign developers against Apple:

> We're fresh off the heels of our hard-won settlement with Apple and ready to get back in the ring[]. . . .  Our firm is happy to see iOS developers from other countries seeking the same justice we were able to achieve for U.S. developers.  We believe they too have been wrongfully subjected to the stifling policies of Apple's App Store, and we intend to hold Apple to the law.

RJN, Ex. A.  Judicial notice of information available in publications such as newspapers and magazines is proper.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Plaintiffs try to confuse the issue by discussing interpretation of these statements.  Opp. 2.  They suggest that it is wrong to interpret these words to mean that this case would open the floodgates to foreign plaintiffs' forum shopping with an eye toward treble damages, and that regardless such a consequence would be Apple's own fault for choosing to add a U.S./California choice-of-law clause to the DPLA.  *Id.*  But Apple does not ask the Court to take judicial notice of any particular interpretation of Mr. Berman's words.  Moreover, the choice-of law/forum-selection issue is entirely irrelevant to the judicial-notice analysis.

### B. Le GESTE Press Release on the Filing of this Lawsuit

Apple seeks judicial notice only of the fact that le GESTE has stated that it has filed actions against Apple in France:

> In 2021 and 2022, Le GESTE amplified its fight by filing 2 successive complaints against Apple before the French Competition Authority.  The first one, dated November 2021, is a generic complaint about the excessive restrictions imposed by Apple on publishers in its app store (see the PR), followed, a few months later, by a complaint focused on the ATT.

---

[1] Apple seeks only judicial notice, not incorporation by reference, of the four exhibits attached to the Declaration of Caeli A. Higney (the "Higney Declaration").  Dkts. 62-2, 62-3, 62-4, 62-5.

This last one was added to the one filed by the IAB France, SRI, MMA and UDECAM, which was under on-going investigation on the merits (see the PR), and thus brought a major point of view, that of the publishers.

RJN, Ex. B. Judicial notice of information available on a public website is proper. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020). Plaintiffs again confuse the issue, arguing that judicial notice is inappropriate because Apple has not explained what legal recourses plaintiffs would have in France or whether those recourses are coextensive with U.S. and California legal remedies. Opp. 2-3. Apple makes no argument here as to whether le GESTE's French actions are viable, and whether they are is totally irrelevant to the judicial-notice analysis.

## II.    Court Filings

Apple seeks judicial notice of two court orders from the Superior Court of California in *Beverage v. Apple Inc.*, Case No. 20CV370535 (Cal. Sup. Ct., Santa Clara Cnty.), attached to the Higney Declaration as **Exhibits C and D**. Plaintiffs argue that the Court cannot rely on these orders as settled law because they are unpublished California state court opinions. Opp. 3-4. But Apple is not asking the Court to rely on these orders as settled law, it seeks judicial notice so that the Court is aware that a California state court has rejected Cartwright Act claims similar to plaintiffs'. It is proper to take judicial notice of court records from other cases because they are matters of public record not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Apple respectfully asks the Court to grant its requests for judicial notice.

Dated:  February 24, 2023             GIBSON, DUNN & CRUTCHER LLP
                                                               Daniel G. Swanson
                                                               Cynthia E. Richman
                                                               Caeli A. Higney
                                                               Dana Lynn Craig
                                                                Eli M. Lazarus
                                                               Victoria C. Granda

                                                   By: */s/ Cynthia E. Richman*

                                                  *Attorneys for defendant Apple Inc.*