**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SOCIETE DU FIGARO, SAS, ET AL.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**APPLE, INC.,**<br><br>    Defendant. | **Case No.:** 4:22-cv-4437-YGR<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 61 |

Defendant's motion to dismiss the First Amended Class Action Complaint is pending before this Court. (Dkt. No. 61.) One of the issues in that motion is whether plaintiff Le Geste's unfair competition law (UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*) claim is barred because the UCL does not support associational standing. Recently, on July 17, 2023, the California Supreme Court issued an opinion bearing on this issue: *California Med. Ass'n v. Aetna Health of California Inc.*, 14 Cal.5th 1075 (Cal. 2023). There, the California Supreme Court held that "under the UCL as it was amended in 2004 by Proposition 64, a membership organization such as the California Medical Association may not base standing to sue on its injuries to its members, but only those to the organization itself." *Id.* It also, however, held that "the UCL's standing requirements are satisfied when an organization, in furtherance of a bona fide, preexisting mission, incurs costs to respond to perceived unfair competition that threatens that mission, so long as those expenditures are independent of costs incurred in UCL litigation or preparations for such litigation." *Id.*

Given that the Court's application of *California Med. Ass'n* may be dispositive, parties may each file briefs of **no more than three (3) pages** addressing the application of *California Med. Ass'n* here by **noon, Tuesday, August 29, 2023**.

**IT IS SO ORDERED**.

Date: **August 24, 2023**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**