Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Ben M. Harrington (SBN 313877)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com

*Attorneys for Plaintiffs Société du Figaro, SAS; L'Équipe 24/24 SAS; le GESTE; and the Proposed Classes*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SOCIÉTÉ DU FIGARO, SAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | No. 4:22-cv-04437-YGR<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM [ECF NO. 81] RE: PLAINTIFF LE GESTE'S STANDING**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

In its August 24, 2023 order requesting supplemental briefing, ECF No. 81, the Court notes that the decision of the Supreme Court of California in *California Med. Ass'n v. Aetna Health of California Inc.*, 14 Cal.5th 1075, 310 Cal. Rptr. 3d 415 (Cal. 2023), "may be dispositive" as concerns Le GESTE's standing to bring claims under the UCL. Indeed, *California Med. Ass'n* answers yes to the question of "whether resources that an organization has spent to counter an unfair or unlawful practice constitute 'money or property' that has been 'lost . . . as a result of the unfair competition.'" 310 Cal. Rptr. 3d at 421 (citation omitted). Further, such a diversion of resources "can establish 'injury in fact' and 'lost money or property' for purposes of section 17204." *Id.* at 432 (citations omitted). As with the organization in that case, Le GESTE here alleges a diversion of its resources as a direct result of Apple's unlawful and unfair behavior. (FAC (ECF No. 48), ¶¶ 62-63.) So, plaintiffs respectfully submit, *California Med. Ass'n* confirms Le GESTE's organizational standing with respect to its UCL claim. Additionally, nothing in *California Med. Ass'n* disturbs Le GESTE's right to sue on behalf of its members, *i.e.*, its associational standing.

## I.     ANALYSIS

### A.     Organizational standing

Apple argues in its motion to dismiss that Le GESTE cannot sue on its own behalf because it supposedly "was harmed by its voluntary decision to devote resources . . . ." (MTD (ECF No. 61) at 17.) But in fact, Le GESTE, an organization that since 1987 has worked on behalf of publishers, including iOS developers, FAC, ¶ 56 and n.50, alleges that it was compelled by Apple's anticompetitive conduct to divert resources to address it specifically. (*Id.*, ¶¶ 62-63.) These were resources that otherwise would have been, and would be, spent furthering its members' interests in other ways. *(See id.*, ¶ 63.) This diversion of resources is precisely the sort of harm addressed in *California Med. Ass'n* and alleged here. *Compare* 310 Cal. Rptr. 3d at 423 (setting forth allegations of the organization-plaintiff's diversion of resources, along with the allegation that the "200-250 hours" of diverted staff time "would otherwise have been devoted to serving [the organization's] membership"), *with* FAC, ¶¶ 62-63 (alleging the diversion of "person-power, and financial and other resources, to research, investigate, and analyze these specific iOS app-distribution and IAP-related issues," and detailing where the diverted resources would otherwise have gone). Such diversion of resources is an injury-to-organization that is actionable under the UCL—there need not be, *e.g.*, the loss of cash to constitute loss of money or property. 310 Cal. Rptr. 3d at 426-28.

1  What is more, Le GESTE's diversion of resources constitutes money or property lost "'as a
2  result of' the practice at issue." *See id.* at 433 (citation omitted). Apple claims that Le GESTE's diversion
3  of resources—despite Le GESTE's specific allegation that it made these diversions *not* for litigation
4  purposes, FAC, ¶ 62—"was obviously litigation driven." (MTD at 17.) But this contention is merely
5  conclusory and *at most* for Apple could set up factual issues to be tested during and following discovery.
6  This is illustrated by *California Med. Ass'n*, which was decided at the California Supreme Court following
7  development of the record in discovery, and after summary judgment proceedings. *See* 310 Cal. Rptr. 3d
8  at 423, 432-33.

9  As with *California Med. Ass'n*, "[t]his is not a case of an organization attempting to manufacture
10 standing and insert itself into a dispute in which it had no natural stake." *See id.* at 436. Le GESTE has a
11 long history of advocating on behalf of publishers, many of whom are iOS developers. (FAC, ¶ 56 and
12 n.50.) As alleged, Le GESTE diverted resources to address harm to its members and was itself harmed
13 in doing so. *Cf. La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088-89
14 and n.4 (9th Cir. 2010) (similar allegations of diversion of resources not even made). Thus, Le GESTE
15 has standing to pursue its UCL claims based on that injury in fact. *Compare* 310 Cal. Rptr. 3d at 435-36
16 ("In response, CMA undertook efforts to assist its members in dealing with Aetna's policy, to persuade
17 Aetna to stop enforcing the policy, and to spur regulatory action against the policy."), *with* FAC, ¶¶ 62-63
18 (describing Le GESTE's diversion of resources to help its members, and the injury caused thereby).

19 **B.  Associational standing**

20 Le GESTE's allegations also establish *associational* standing—the right to seek relief on behalf of
21 its members, *see California Med. Ass'n*, 310 Cal. Rptr. 3d at 429—despite Apple's contention to the
22 contrary. (*See* MTD at 20-21.) *California Med. Ass'n* addresses *Amalgamated Transit Union, Local 1756, AFL-*
23 *CIO v. Superior Court*, 46 Cal.4th, 993, 95 Cal. Rptr. 3d 605, as did Apple, *e.g.*, MTD at 2, and notes that
24 "under the UCL as it was amended in 2004 by Proposition 64, a membership organization . . . may not
25 base standing to sue on injuries to its members, but only on those to the organization itself." 310 Cal.
26 Rptr. 3d at 421. However, this characterization of *Amalgamated* was in the context of a non-class-action
27 case; the CMA did not seek status as a class representative, as Le GESTE does here. In the class-action
28 context, there is no bar to associational standing. *See, e.g.*, *Cal. Med. Transp. Ass'n v. Logisticare Solutions*,

2018 WL 5858576 (C.D. Cal. Mar. 14, 2018) ("One important limitation under the UCL is that 'a private party may pursue a representative action under the unfair competition law only if the party 'complies with Section 382 of the Code of Civil Procedure' *to mean that such an action must meet the requirements for a class action.*'" *Id.* at *3 (citing *Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009) (emphasis added)); *see also In re WellPoint, Inc. Out-of-Network UCR Rates Litigation*, 903 F.Supp.2d 880, 899–900 (C.D. Cal. 2012) ("As alluded to above, the California Supreme Court established in two companion cases [*Arias* and *Amalgamated*] handed down in 2009 that representative actions for UCL and FAL violations must be brought as class actions.").

Here, in addition to having *organizational* standing based on its own injuries caused by Apple's anti-competitive conduct, Le GESTE also seeks to redress injuries on behalf of its iOS developer members *as a class representative*. (*See, e.g.*, FAC, ¶¶ 226, 229.) Thus, *Amalgamated* presents no impediment to associational standing, and the longstanding *Hunt* test applies. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 143 S. Ct. 2141, 2157 (2023) (reiterating *Hunt* test) (using the term "organizational standing" for what the Cal. Sup. Ct. refers to as "associational standing").

## II.     CONCLUSION

*California Med. Ass'n* supports Le GESTE's organizational standing to pursue its UCL claims. It also is consistent with Le GESTE's associational standing to do the same. At the very least, Le GESTE's factual assertions, FAC ¶¶ 62-63, are sufficiently detailed and plausible to survive Apple's Rule 12(b)(1) facial attack on its Article III standing, MTD at 17-18. *See In re Lithium Ion Batteries Antitrust Litig.*, 2017 WL 2021361, at *1 (N.D. Cal. May 12, 2017). Also, Apple's attack on Le GESTE's statutory standing fails under the familiar standards of Rule 12(b)(6). Le GESTE's factual allegations demonstrating harm to its iOS developer members are both sufficient and plausible pursuant to applicable law, *see, e.g.*, *Batteries*, 2017 WL 2021361, at *1, and they support the claims that Le GESTE seeks to advance on behalf of its members.

However, in the event the Court should see the need for further factual allegations in support of Le GESTE's standing in any regard (or otherwise), plaintiffs reiterate their request for leave to amend so that they can make them.

DATED: August 29, 2023                Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By         */s/ Steve W. Berman*
                Steve W. Berman

Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Ben M. Harrington (SBN 313877)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
benh@hbsslaw.com

Abigail D. Pershing (SBN 346467)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
abigailp@hbsslaw.com

*Attorneys for Plaintiffs Société du Figaro, SAS; L'Équipe 24/24 SAS; le GESTE; and the Proposed Classes*